**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Charles William CORNETT, Defendant–Appellant.**

No. 02–10408.

D.C. No. CR–00–00624–JMF.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Charles William Cornett appeals his conviction, following a jury trial, for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cornett first contends that he received ineffective assistance of counsel from his retained attorney, Charles Weninger. Because the record is insufficiently developed to resolve this issue on direct appeal, we decline to address the ineffective assistance claim. *See United States v. Miskin-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*is,* 966 F.2d 1263, 1268–69 (9th Cir.1992) (noting that the customary procedure for challenging the effectiveness of defense counsel is by collateral attack under 28 U.S.C. § 2255).

Cornett next argues that the district court erred when it denied his motion to dismiss the indictment based on outrageous government conduct. We disagree. The government's actions here were not so shocking as to violate the due process clause. *See United States v. Simpson,* 813 F.2d 1462, 1465 (9th Cir.1987) (noting that the outrageous conduct doctrine applies only in cases where the government's actions shock the conscience).

Cornett's final argument is that the district court abused its discretion when it failed to exercise its supervisory powers to dismiss the indictment. We are not persuaded, because Cornett can point to no unethical conduct of the prosecutor that substantially prejudiced the outcome of his case. *See United States v. Lopez,* 4 F.3d 1455, 1464 (9th Cir.1993) (vacating district court's order to dismiss indictment under its inherent supervisory powers because defendant was not substantially prejudiced by the government's conduct).

AFFIRMED.